**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ANGELLA EVERETT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-cv-01312-O-BP** |
| | § | |
| **NOVO PLATFORM INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On November 20, 2025, *pro se* Plaintiff Angella Everett filed a civil complaint, and this case was referred to the undersigned for judicial screening pursuant to 28 U.S.C. § 636(b) and Special Order 3. ECF Nos. 1, 3. She also filed a motion seeking to proceed *in forma pauperis* ("IFP"). ECF No. 2.

The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS

A.    NATURE OF THE CASE

This case is a new civil action.

B.    PARTIES

Angella Everett is the plaintiff. She names Novo Platform Inc. as the sole defendant.

C.    LEGAL ANALYSIS

To proceed with a civil action in this court, a plaintiff must either pay the $405.00 filing and administrative fees or be granted permission to proceed IFP. *See* 28 U.S.C. §§ 1914, 1915. On November 24, after reviewing Plaintiff's IFP motion, the Court determined that it was deficient because Plaintiff did not use long-form IFP application required by the Court. ECF No. 5. The

Court ordered Plaintiff to either pay the $405.00 filing and administrative fees or file a complete long-form IFP application by December 8. *Id.* The Court provided Plaintiff the form necessary to comply and warned her that failure to do so could result in dismissal of this case without further notice for failure to prosecute or failure to obey a court order. *Id.*

Rule 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The deadline for Plaintiff to comply with the Court's order expired. To date, Plaintiff has not complied with the Court's order, sought an extension of time to do so, or otherwise attempt to cure her outstanding filing deficiency. Because Plaintiff has not paid the requisite fees or obtained permission to proceed IFP, this case is subject to dismissal for failure to comply with Court order and for lack of prosecution under Rule 41(b).

## RECOMMENDATION

The undersigned therefore **RECOMMENDS** that the Court **DISMISS** Plaintiff's complaint for lack of prosecution or failure to comply with a court order, without prejudice to being refiled. *See* Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation **within fourteen (14) days** after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a

proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

      **SIGNED** on December 15, 2025.

<br>

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE